IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| GERALD SOLBERG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 07-3011 |
| | ) |
| MICHAEL CHERTOFF, in his | ) |
| capacity as Secretary of the | ) |
| Department of Homeland Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Michael Chertoff's Motion for Summary Judgment (d/e 9) (Motion). Plaintiff Gerald Solberg claims that the Department of Homeland Security (Department) discriminated against him because of his age and disability. Complaint (d/e 1). Defendant Chertoff, as Secretary of the Department (Secretary), seeks summary judgment on the grounds that Plaintiff Gerald Solberg's claim is barred because he failed to file a timely complaint with an Equal Employment Opportunity (EEO) Counselor, as required by regulation. For the reasons set forth below, the Court agrees with the Secretary. The

1

Motion is allowed.

## STATEMENT OF FACTS

Solberg was born on July 14, 1951. He alleges that he is disabled due to an impairment in the lumbar region of his back. <u>Complaint</u>, ¶¶ 1, 11. Solberg worked for the Immigration and Naturalization Service (INS) as a Criminal Investigator. After the creation of the Department, the INS ceased to exist, and its criminal enforcement functions were assumed by the Department's Bureau of Immigration and Customs Enforcement (ICE). Solberg was then transferred to ICE. Solberg's pay grade with INS was a GS-12. Similar Criminal Investigators in ICE were paid at the next higher pay level, GS-13. <u>Complaint</u>, ¶¶ 5.

On April 15, 2004, ICE issued a written notice entitled "Promotion Policy for Former INS Criminal Investigators" (Notice). <u>Motion</u>, Exhibit D, <u>Notice</u>. The Notice set forth the Department's Policy (Policy) for promoting former INS Criminal Investigators to the GS-13 level. The Notice stated that all qualifying Criminal Investigators who formerly worked for INS would receive a promotion to the GS-13 level. The Special Agent in Charge (SAC) of a particular office would determine which Criminal Investigators qualified for this promotion. The Notice listed two

qualifications for promotion:

> 1. Completion of 1 year of specialized experience at the next lower grade level as an 1811 [number designation for Criminal Investigator job classification].
>
> 2. Has a "Fully Successful" or higher on their current rating of record and has demonstrated the ability to perform at the next higher grade level.

Motion, Exhibit D, Notice. Attached to the Notice was a list of the former INS Criminal Investigators subject to the Policy in the relevant office to which the copy of the Notice was sent. The Notice directed the SAC to annotate the names of the persons on the list who were not recommended for the promotion. The Notice further stated that, for those not recommended for promotion, the SAC could subsequently recommend any of those individuals for promotion, "at his/her discretion, when the employee has satisfied all requirements." Id.

Gregory Archambeault was the SAC of the office to which Solberg was assigned when the Department issued the Notice. On April 22, 2004, Archambeault recommended several other Criminal Investigators for promotion under the policy set forth in the Notice, but he did not recommend Solberg for promotion. Motion, Exhibit F, Deposition of Gregory Archambeault, at 16-17.

Solberg learned about the Policy set forth in the Notice in May 2004. At that time, Solberg knew that Archambeault supervised four or five other officers. Solberg learned that he was not recommended for promotion no later than June or July 2004. Solberg also knew in June 2004 that some of the other Criminal Investigators in his office, who had formerly worked for INS, were being promoted to GS-13. Solberg also knew the approximate ages and general physical conditions of the other officers. Motion, Exhibit A, Request to Admit, Admission of Request Nos. 2, 4, 6, 11 & 12.

In late June or early July 2004, Solberg and Archambeault had an extended conversation concerning Archambeault's decision not to promote Solberg. In Answer to Interrogatories, Solberg summarized this conversation:

> Plaintiff remembers one extended conversation during this time on or about late June or early July 2004. In answer to Plaintiff's request for an explanation as to why he was not promoted Archambeault indicated that Plaintiff had no registered informants or complex cases by which he explained that he meant cases with registered informants or Title III wiretaps. He also criticized the quality of Plaintiff's paperwork.

Motion, Exhibit B, Plaintiff's Answers to Second Interrogatories, Answer to Interrogatory 2. Archambeault indicated that he would consider Solberg for promotion when Solberg corrected the deficiencies in his work. Solberg and

Archambeault had subsequent conversations in which Archambeault repeated the comments about informants and working complex cases. Id. After January 1, 2005, Archambeault had some discussions with Solberg about the quality of Solberg's work, but they did not have any discussions specifically about whether Solberg would be promoted.

On February 23, 2005, Archambeault issued a written reprimand to Solberg because Solberg failed to handcuff a small, slight man. Motion, Exhibit E, Deposition of Gerald Solberg, at 58-68. On April 8, 2005, Solberg telephoned the EEO Counselor's office to complain about the reprimand and about Archambeault's decision in June or July of 2004 not to promote Solberg. The EEO Counselor did not answer the phone. Relevant Equal Employment Opportunity Commission regulations required federal employees to speak with an EEO Counselor in order to resolve issues informally. The relevant regulation states:

> (a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
>
> > (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action,

>    within 45 days of the effective date of the action.
>
>    (2)   The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a).  Solberg previously worked as an EEO Counselor.  He also graduated from law school.  Notices concerning the requirement to contact an EEO Counselor within 45 days were posted in Solberg's workplace.  These notices listed the names of the Counselors and their telephone numbers.  <u>Motion</u>, Exhibit G, <u>Notices</u>.  Solberg got the EEO Counselor's telephone number from such a notice posted on a bulletin board at his office.

On April 11, 2005, Solberg sent a fax to the EEO Counselor's office and spoke to an EEO Counselor.  <u>Motion</u>, Exhibit B, <u>Answer to Interrogatory 3</u>.  A final, written complaint was filed on July 11, 2005.

Motion, Exhibit C, Complaint of Discrimination.[1]

ANALYSIS

The Secretary seeks summary judgment because Solberg failed to contact an EEO Counselor within 45 days of the time that he learned in July 2004 that he was not going to be promoted to the GS-13 level. To prevail, the Secretary must present evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented in the light most favorable to Solberg. Any doubt as to the existence of a genuine issue for trial must be resolved against the Secretary. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Once the Secretary has met his burden, Solberg must present evidence to show that issues of fact remain with respect to an issue essential to his case, and on which he will bear the burden of proof at trial. Celotex, 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

Here, Solberg clearly failed to contact an EEO Counselor within the 45-day time period. By July 2004, he knew he had not received the

---

[1] The Complaint of Discrimination alleges that the April 2005 reprimand was also discriminatory. Solberg bases his complaint in this Court only on the failure to promote. The Court, therefore, does not address the reprimand as a separate claim.

promotion, but other officers had.  He did not contact an EEO Counselor until April 2005.  He was a former EEO Counselor and so knew of the 45-day contact requirement.  Notice of the requirement was also posted at his place of employment.  He had notice and failed to act.  His claim is barred.

Solberg argues that the time for contacting an EEO Counselor should not begin to run until he realized in March 2005 that Archambeault had denied him the promotion to the GS-13 level because of his age and disability.  He claims that the 45-day time period was tolled under the doctrines of equitable estoppel and equitable tolling.  The principle of equitable estoppel will toll a statute of limitation if the defendant took active steps, independent of the underlying tortious conduct, to prevent the plaintiff from asserting his claim on time.  The classic example would be if the defendant represented that he would not raise the statute of limitations as a defense if the plaintiff would wait before filing suit.  Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450-51 (7th Cir. 1990).

Solberg argues that the Department actively prevented him from contacting an EEO Counselor because Archambeault falsely told Solberg that he did not receive the promotion because of the quality of his work.  According to Solberg, this misrepresentation kept him from learning the

8

truth. The Seventh Circuit rejected a similar argument in Cada. There, the plaintiff in Cada argued that the defendant's reorganization of his department was a ruse to conceal the plan to fire Cada because of his age. In rejecting this argument, the Seventh Circuit said:

> This merges the substantive wrong with the tolling doctrine, ignoring our earlier distinction between two types of fraud. It implies that a defendant is guilty of fraudulent concealment unless it tells the plaintiff, "We're firing you because of your age." It would eliminate the statute of limitations in age discrimination cases.

Id., at 451. Similarly, Archambeault's recitation of his reasons for his actions did not constitute active steps, independent of the underlying tortious conduct, to prevent the plaintiff from acting on time. Equitable estoppel does not apply. Accord Smith v. Potter, 445 F.3d 1000, 1010 (7th Cir. 2006).

Solberg also argues that equitable tolling applies. The doctrine of equitable tolling tolls the running of a statute of limitations during a time period in which the plaintiff exercises all due diligence, but is unable to obtain vital information bearing on the existence of his claim. Cada, 920 F.2d at 451. Under this doctrine, "the limitations period is tolled until 'facts that would support a charge of discrimination . . . [are] apparent or

9

should [be] apparent to a person with a reasonably prudent regard for his rights similarly situated to the plaintiff.'"  Mull v. ARCO Durethene Plastics, Inc., 784 F.2d 284, 291 (7th Cir. 1986) (quoting Vaught v. R.R. Donnelley & Sons Co., 745 F.2d 407, 410-11 (7th Cir. 1984)).

In this case, however, Solberg had sufficient information to put "a person with a reasonably prudent regard for his rights" on notice that something improper was going on.  Solberg was in the best position to know his own qualifications and the quality of his own work.  He was, thus, capable of determining in July 2004 whether he met the requirements for promotion as set forth in the Policy.  For purposes of the Motion, the Court assumes that he was qualified.  Solberg, then, had information that Archambeault was not following the Policy when Archambeault did not recommend him for promotion.  Solberg, thus, was on notice that he was being denied a promotion for an improper reason that was inconsistent with the Policy.  He further knew that Archambeault recommended younger Criminal Investigators, who were not physically impaired, for promotion. He, thus, had enough information to call an EEO Counselor and pursue the matter.  Equitable tolling does not apply.

Solberg argues that he did not know that he was discriminated against

until March 2005 when Solberg discerned some discriminatory animus in Archambeault's attitude. Solberg argues that until he learned of this animus, he could not know that he was discriminated against due to age. The Court disagrees. This interpretation, again, would effectively eliminate the 45-day time bar because the time would never run unless the employer stood and declared that we're discriminating against you. See Cada, 920 F.2d at 451, quoted above. See also Bohac v. West, 85 F.3d 306, 312 (7th Cir. 1996) (rejecting the argument that the plaintiff was lulled into inaction by the defendant).

Solberg finally argues that Archambeault's refusal to recommend Solberg for promotion was part of a continuing discriminatory violation. Solberg notes that the Policy authorized Archambeault to recommend Solberg for promotion to GS-13 at any later date when Solberg met all of the qualifications. He argues that Archambeault was effectively continually refusing to promote him. Thus, Archambeault was violating his rights within 45 days of the April 2005 contact with the EEO Counselor, and so was discriminating against him at that time.

However, a discriminatory act occurs when an employer makes a discrete employment decision. Ledbetter v. Goodyear Tire & Rubber Co.,

11

Inc., __U.S.__, 127 S.Ct. 2162, 2169 (2007) (citing National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110-14 (2002)).  In this case, the discrete employment decision occurred on April 22, 2004, when the Department promoted certain Criminal Investigators, and did not promote others, based on Archambeault's recommendations.  Solberg learned of that discrete act no later than July 2004.  Solberg's claim based on this employment decision is thus barred under the 45-day rule.

Solberg presents no evidence of a discrete decision denying him a promotion at a date within 45 days of his first contact with the EEO Counselor in April 2005.  The fact that the Department could have corrected the alleged wrongful conduct at any time does not result in a separate adverse employment action for every day that the Department failed to act.  See Ledbetter, 127 S.Ct. at 2169-70.  Here, the evidence shows that the Department made one discrete employment decision.  Solberg was on notice of that decision no later than July 2004.  He did not contact an EEO Counselor until April 2005.  His claim for the discrete employment action at issue is barred.

THEREFORE, Defendant's Motion for Summary Judgment (d/e 9) is ALLOWED.  Summary judgment is entered in favor of Defendant

Michael Chertoff, as Secretary of the Department of Homeland Security, and against Plaintiff Gerald Solberg. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: February 25, 2008

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE